IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH NASELLA, | ) FILED: SEPTEMBER 3, 2008 |
| | ) 08CV5023 |
| Plaintiff, | ) JUDGE NORGLE |
| | ) MAGISTRATE JUDGE COLE |
| v. | ) |
| | ) PH |
| CITY OF CHICAGO, a municipal corporation, PHILIP O'CONNOR, PAUL PLANTZ and MATTHEW HARTLEY, | ) <u>Trial By Jury Demanded</u> |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, **JOSEPH NASELLA** [hereinafter Plaintiff] by his attorney, Mitchell Kline, for a cause of action against Defendants, CITY OF CHICAGO [hereinafter City], PHILIP O'CONNOR [hereinafter Mr. O'Connor], PAUL PLANTZ [hereinafter Mr. Plantz], and MATTHEW HARTLEY [hereinafter Mr. Hartley] alleges as follows:

**I. VIOLATION OF RIGHT TO FREEDOM OF ASSOCIATION**

This is an action for violation of Plaintiff's freedom of association arising under the United States Constitution and 42 U.S.C. §1983, to redress and seek damages.

**THE PARTIES**

1.  Plaintiff resides in the State of Illinois, residing in Chicago in the County of Cook.

2.  Defendant, City of Chicago, is a municipality providing services to its residents, and at all times relevant herein defendant had a substantial physical and corporate presence within this Judicial District, at Chicago, Illinois. Defendant is an

1

employer within the meaning of 42 U.S.C. §2000e (b) and employs more than 100 people.

3. Defendant, Mr. O'Connor, is the Director of Maintenance in the Department of Fleet Management for the City of Chicago.

4. Defendant, Mr. Plantz, is the Administrative Manager in the Department of Fleet Management for the City of Chicago.

5. Defendant, Mr. Hartley, is a foreman of machinists in the Department of Fleet Management for the City of Chicago.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a) and 1343(a) (4).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

8. Plaintiff has fulfilled all administrative prerequisites for the bringing of this lawsuit.

## FACTS

9. Since approximately 1993 Plaintiff has volunteered for the Hispanic Democratic Organization [HDO], which has provided financial support and manpower for the election of Democratic candidates in Chicago for more than ten years, including Hispanic candidates.

10. In approximately 1994 Plaintiff interviewed for seasonal work with the City's Field Maintenance department, which maintained the trucks for the City's Streets and Sanitation department.

11. Mr. Kevin Fitzpatrick, who has been part of Alderman Richard Mell's

thirty-third ward Democratic organization, asked Plaintiff in approximately 1994 if he was interested in doing volunteer work; Plaintiff said no.

12. Then in approximately 1994 Mr. Al Sanchez, who has been a leader with HDO, made a call to one of Alderman Mell's associates and Plaintiff began working as a machinist in Field Maintenance, which is now the Department of Fleet Management.

13. Plaintiff received a twenty-nine day suspension in February 2008 relating to alleged damage to a truck engine in October 2007; the three named Defendants, Mr. O'Connor, Mr. Plantz, and Mr. Hartley, each participated in the decision to suspend Plaintiff; these Defendants were not affiliated with HDO and according to the "clout list", which was described and identified at the criminal trial of Mr. Robert Sorich by Ms. Patricia Molloy, who had been a secretary to Mr. Sorich in the Mayor's Office of Intergovernmental Affairs, and the list is now available on a website of the Chicago Sun-Times; and Mr. O'Connor's clout is the fortieth ward alderman and Mr. Plantz's clout is Alderman Mell.

14. The three named Defendants participated in the decision to make Mr. William Shea an acting foreman of machinists during the past six months, instead of selecting Plaintiff; and Mr. Shea has less seniority than Plaintiff.

15. In around July 2008 the three named Defendants participated in the decision when another machinist, first name Roman last name unknown, was selected instead of Plaintiff to transfer to Midway Airport; working at Midway would have saved Plaintiff travel time and expenses commuting from his home on the south side of Chicago; and Plaintiff has more seniority than Roman.

16. In around January 2008 when Plaintiff asked Mr. O'Connor about the possibility of working for Mr. O'Connor's alderman, he responded by stating "you had your chance".

3

17. In around April 2008 in response to a comment Plaintiff made to Mr. O' Connor that he would not have received the suspension he did if he had worked for Mr. O'Connor's alderman, he responded by stating "but you don't".

18. Evidence that the City of Chicago has engaged in a widespread practice of making decisions relating to promotions and discipline based on political affiliations include the following examples: Mr. Michael Sarkauskas, who has been a volunteer for HDO, was demoted in 2005 from his position as acting foreman in Streets and Sanitation and replaced by someone who was not a volunteer with HDO; in 2006 Mr. Sarkauskas bid to be a foreman and he was not selected, people who were selected were not affiliated with HDO and had less seniority than he had; in 2005 Mr. Pablo Delapaz, who has been a volunteer for HDO, was demoted from his position as acting general foreman in Streets and Sanitation and replaced by Rodney Sernek, who has done volunteer work and financially supported the organization of Alderman Mell; Mr. Jack Drumgould, who worked for City of Chicago from 1977 until he retired in 2004, testified at Mr. Sorich's trial that when he was Assistant Commissioner for the Department of General Services from 1992 until 1998, hiring was based on clout; in addition Mr. Drumgould testified that when he was the personnel director for Streets and Sanitation from 1998 until he retired in 2004 approximately 95 per cent of the jobs were decided by clout; and Mr. Reginald Mason, who was employed by the City as a personnel analyst from 1985-2004, stated that he reviewed job applications and referred names for hiring for the departments assigned to him, including the Mayor's Office of Inquiry and Information, the Sewer Department, the Department of Procurement Services, the Department of Human Services, the Commission on Human Relations, and the Department of Consumer Services, and that most of the hiring was decided by clout.

19. The decisions of the three named Defendants to suspend Plaintiff and not promote or transfer him, were based on their belief that Plaintiff belonged to HDO and did not support one of their political organizations, which violated Plaintiff's constitutional right to freedom of association.

20. As a result of unlawful unconstitutional conduct of all the Defendants, Plaintiff has lost substantial earnings and other job-related benefits. Plaintiff has also suffered severe emotional distress.

WHEREFORE, Plaintiff requests that this Court:

(a) declare that Defendants violated Plaintiff's constitutional right to freedom of association;

(b) award Plaintiff pecuniary damages in an amount to compensate him for all damage suffered by virtue of Defendants violation of his right;

(c) award Plaintiff compensatory and punitive damages in an appropriate amount;

(d) award Plaintiff prejudgment interest on damages recovered, at the prime rate, compounded annually, or the rate allowed by law;

(e) award costs, reasonable attorney's fees, and such other relief as it deems just.

Respectfully submitted,

s/ Mitchell A. Kline

Attorney for Plaintiff

Mitchell A. Kline
Law Office of Mitchell A. Kline
203 N. LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 558-1454
E-mail:mitchellakline@aol.

Filed September 3, 2008